Michael Catalano, J.
Petitioner brings an article 78 (CPLR) proceeding for “ an order declaring that the assignment and appointment of Richard Koszuta [“Koszuta”] to the position of Assistant Automotive Mechanic Foreman is discriminatory and in violation of the Collective Bargaining Agreement between the parties.”
The petition alleges that petitioner is a “ labor organization ; ’ ’ that article 10 of the agreement, Seniority provides, page 11, “In the event that a vacancy exists, by virtue of retirement, creation of a new job, etc. the highest senior man in that department, considering his' qualifications and performance by his supervisor, shall have first chance at the job; ” that on May 29, 1968, Chester Bryan [“Bryan”] Town Engineer, appointed Koszuta to the position of ‘ ‘ working foreman in the garage; ” that at the time, Edward Snyder [“ Snyder ”] had more departmental seniority than Koszuta; that the “ Union ” *89 pursued the grievance procedure, article 8 of the agreement, to step 5, which “permits application for judicial review; ” that during the third step of the grievance procedure, George Burst [“Burst”] supervisor of Koszuta and Snyder, said, “ 1 If a man don’t do right by me, I don’t do right by him,’ ” referring to Snyder; respondent posted a notice listing as a minimum qualification, “five (5) years experience in vehicle repair; ” that on May 19, 1969, the “ Town Board ” appointed Richard Koszuta to the position of “ Assistant Foreman, Auto Maintenance Department; ” that “the conduct of Respondent * * * is discriminatory and in violation of the contract between the parties; ” “ Wherefore, petitioner requests that a judgment against Respondent declaring that the assignment and appointment ” of Koszuta violates the agreement.
Respondent’s answer generally denies the allegations in the petition, and alleges as a first affirmative defense that the petition is insufficient, a second affirmative defense that Snyder and Koszuta should be parties hereto, a third affirmative defense that the grievance procedure was not followed, a fourth affirmative defense that respondent had the right to appoint Koszuta.
‘ ‘ Persons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants.” (CPLR 1001, subd. [a].) CPLR provisions applicable to actions apply to special proceedings. (CPLR 103, subd. [e].) When a person should have been joined, but has not, and is subject to the court’s jurisdiction, the court should order him' summoned. (CPLR 1001, subd. [b].) The court may direct notice of this proceeding to be given to him. (CPLR 7802, subd. [d].)
A person whose civil service status would be affected by a determination in an article 78 proceeding is a necessary party thereto. (Matter of Marcus v. Kaplan, 20 A D 2d 841.)
Under the new practice, a motion to dismiss for nonjoinder of an indispensable party should be made pursuant to CPLR 3211 (subd. [a], par. 10) which provides: “ A party may move for judgment dismissing one or more causes of action asserted against him on the ground that * * * the court should not proceed in the absence of a person who should be a party.” At this time the court may grant the dismissal without prejudice, on condition that the indispensable party is joined within a reasonable time, otherwise the dismissal shall become final, unless another order extends that time. (See 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1003.05; vol. 4, par. 3211.45.)
*90 On September 5, 1969, Mr. Justice James 0. Moore of this court denied the petition herein ‘ ‘ on the sole basis of failure to comply with section 7804, paragraph (c) of the CPLR and section 311, paragraph (5) of the CPLR. No disposition is made as to the merits of this proceeding.”
Here, petitioner is directed to comply with CPLR 1001 (subd. [b]); 7802 (subd. [d]), and 311 (subd. 5), by serving notice of this proceeding upon Snyder and Koszuta and respondent’s Supervisor or Clerk within 20 days from the date of this decision, and if not done, the petition shall be dismissed on the merits, unless the time to do so is further extended by court order.